J. M. STONES and others *v.* THOMAS MANEY and others.

April Term, 1878.

WILL — CONSTRUCTION — CONTINGENT FEE UPON A FEE. — The testatrix devised certain realty to her daughter, to her separate use, free from the debts and control of a future husband, with power to dispose of the same as a *feme sole;* afterwards, the daughter having married, she added that, should the daughter die before the husband, "said property shall be for the use of her children only, and a guardian shall be appointed for them." *Held,* that the daughter took a fee subject to an executory devise in favor of her children, should she die before the husband, leaving children.

SAME — RESTRICTION ON POWER OF DISPOSITION — DYING WITHOUT ISSUE. — The testatrix devised certain realty to her son, with the condition that he was not to sell or dispose of it until he is thirty-five years old, adding that, should he sell or transfer this property, his title should become null and void, and the property shall become the property of his sister; afterwards, and after the marriage of the sister, the testatrix added: "And should he die without issue," the sister and her children are " to be made,

as above stated, sole heirs." *Held,* that the devise over would take effect upon the son dying without issue before he arrived at the age of thirty-five, and that after that age he would take the property absolutely, free from restriction on the power of disposition, and from the devise over.

*T. M. Steger,* for complainants.

THE CHANCELLOR : — Bill filed for the construction of a holographic will. It is a bill to declare future rights, and not maintainable within the decisions of *McCall* v. *McCall,* 1 Tenn. Ch. 500, and *Prichitt* v. *Kirkman,* 2 Tenn. Ch. 390. But as the conclusion to which I have come is in favor of the validity of the devises in question, a decree in accordance therewith can do no harm.

The testatrix devises to her daughter, Elizabeth B. Stones, "for her own sole and separate use and benefit, free from the debts and control of her husband, should she ever marry," certain realty described, "for her sole and individual use, and to dispose of as she may deem proper, by will, deed, or otherwise, as if she were a *feme sole.*" Afterwards, the daughter having married, the testatrix interlined the will as follows : " Should E. B. Stones, now the wife of W. B. Maney, die before her husband, said property shall be for the use of her children only, and a guardian shall be appointed for them."

The original clause of the will gave the realty in fee to the daughter, which carried the general power of disposition. The power conferred by the latter part of that clause was merely intended to clothe the daughter, should she ever marry, with the rights of a *feme sole* during the coverture. The daughter took the fee of the land, with an unlimited power of disposition whether married or single. The subsequent clause, written after the marriage of the daughter, is in the nature of a codicil, and discloses a clear intent, in the contingency of the daughter dying before her husband, leaving children, to give the property to the children. The daughter still has the fee originally given, subject to an ex-

ecutory devise in favor of her children should she die before the husband, leaving children surviving. The intention to benefit the children would be ineffectual, if the previous clause should be held incompatible with it by vesting the daughter with the absolute power of disposition. So, the supposed intention only to exclude the husband would be equally ineffectual if the construction of the whole be to give the daughter an unlimited power of disposition; for she might give to the husband to the exclusion of the children. The only construction which will give effect to the new clause is that which treats it as grafting an executory devise in favor of the children, in the contingency mentioned, upon the prior devise. The cases which hold that an unlimited power of disposition given to the first taker renders an executory limitation nugatory have no application to such a case. For, in that view, a fee could never be limited by executory devise upon a fee, which always carries the power of disposition, whereas this is one of the characteristics of an executory devise. The devise under consideration is the normal case of a contingent fee upon a fee, and is clearly good.

The testatrix devised to her son certain realty described, adding: " This property I wish my son, J. McEwen Stones, to have the control of to use for his benefit, but he is not to sell or dispose of any of it until he is thirty-five years old; should he sell or transfer this property, his title shall become null and void, and the property shall become the property of his sister, E. B. Stones. And should he die without issue, the above-described, his sister, E. B. Maney, and her children, is to be made, as above stated, sole heirs." Neither the bill nor the copy of the will attached shows the fact, but I presume the last clause thus quoted was added after the marriage of the daughter, at the same time the second clause of the previous devise was interlined. In that view, if the language used admits of it, a new intent may be grafted upon the original intention. The original devise gave the property to the son, subject to the contin-

gency of the title being divested out of him, and vested in the sister, if he should sell or dispose of the property before the age of thirty-five years. After that age, if no forfeiture, the property would become his, with complete power of disposition. The new clause is that, should he die without issue, his sister and her children should take the property devised. At common law, such a devise over, being upon an indefinite failure of issue, would be void. *Randolph* v. *Wendel*, 4 Sneed, 646; *Hamner* v. *Hamner*, 3. Head, 398. The law has been changed by statute, and the devise over would now be good. Code, sec. 2009. But even a valid executory devise over would be rendered nugatory by a power of disposition given expressly, or by fair implication, to the prior devisee; and the language of this will, restricting the power of disposition in the first taker to a particular age, brings it precisely within the rule, as was settled in *Booker* v. *Booker*, 5 Humph. 505. If, therefore, the new clause is to be construed as meaning that the devise over should take effect should the son die without issue, either before or after his arrival at the age of thirty-five years, the two clauses would be in conflict, and the latter would be rendered nugatory by the former. It is the duty of the court to reconcile the two clauses, if possible, and this can be done by construing the last clause to mean that the devise over should take effect upon the son dying without issue before he arrived at the age of thirty-five. And this, I think, was the intention of the testatrix. She had provided in the will, as originally written, that the son should not have the power of disposition before the age of thirty-five. She now adds, if he dies before that age, and without issue, the property shall go to his sister and her children. After that age, he is to have the property without restriction. In this view, there is no conflict in the two clauses, and they may both stand and have full effect. And I am of opinion that the will must be construed accordingly.

The case of *Clark* v. *Henry*, L. R. 11 Eq. 222, affirmed.

in L. R. 6 Ch. App. 588, is strikingly in point. There, the testator bequeathed his property to be equally divided be-- tween his sisters, A. and S.; his sister A. (then over twenty-- five years of age) to have the, immediate control of her share, and his sister S. upon attaining the age of twenty- five years, until which time it was to be held in trust for her; and in case of the death of either of the sisters before him, or before marrying and having children, the whole of the property was to go to the survivor. A. married and had children. It was held, that the gift over to the surviv-- ing sister, on the contingency of the death of the other be-- fore marrying and having children, was referable to such death occurring before she should attain the age of twenty-- five years; and that the younger sister, on attaining twenty-five, although still unmarried, became absolutely entitled to a moiety of the property. And I may say of this will, as Lord Justice James said, upon affirming the· decision of the vice-chancellor: "This is a will for the· construction of which no other will can form a prece-- dent, and which can never form a precedent for the con- struction of any other will." But, as the construction of that will has somewhat aided me in the present case, so· my decision may, peradventure, afford a dubious light to a succeeding judge spelling his way through a similar· testamentary conundrum.